## CLARK *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 30, September Term, 1957.]

644

*Decided November 20, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus.* Petitioner was indicted on March 8, 1957, for violation of the narcotics laws in three counts, and arraigned on March 14, 1957, before Judge Warnken in the Criminal Court of Baltimore. At that time the court was advised by the State's Attorney that the accused, who was fifty-two years of age, had had previous court experience, and the court told the accused he would have to arrange to employ a lawyer himself, to which he replied: "I think I will have one, sir." When the case was called for trial on March 18, 1957, the petitioner entered a plea of guilty to the third count, in proper person, and was sentenced to three years in the House of Correction. He now contends that he was innocent of the crime charged, and that the improvised

syringe found in his traveling bag was used only for eye drops. Of course, the question of guilt or innocence cannot be raised on *habeas corpus*. A statement of the police officer submitted to the court prior to sentence, indicates that his arms were examined and showed needle marks, and that he admitted being an addict, also that he was using dilaudid, a concentrated type of morphine. He had two previous convictions, one in Maryland in 1954.

Under the circumstances we think there is no showing that the petitioner was deprived of his constitutional rights. The claim that he was improperly deprived of the services of counsel is not supported by the record. The claim that he was "talked into making a plea of guilty" by members of the narcotics squad, and guaranteed a "waiver", is amplified by his statement that he was told "he would be subject to receiving a five year sentence on his prior record in the event he would not cooperate and make a plea of guilty to the third count of the indictment." It seems clear from this statement that he knew the contents and effect of the indictment. His plea to the third count limited the penalty to a maximum of five years, whereas the statute, Code (1951), Art. 27, sec. 369, carries greater penalties for a second or third offense. We find nothing in the record to show a breach of good faith on the part of the officers.

*Application denied, with costs.*